## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

PABLO F. MALDONADO,    :
            :
     Plaintiff,  :
            :
v.           :  Case No. 5:23-cv-505-MTT-AGH
            :
Warden SHAWN EMMONS, *et al.*,[1] :
            :
     Defendants. :
_____ :

## <u>ORDER</u>

Pending before the Court are Defendants Ellis Efobi and Ana Cobb's motions to set aside default, which were filed on August 28, 2024 (ECF Nos. 49, 50). Plaintiff also filed a motion for default judgment (ECF No. 51). For the reasons which follow, Defendants Efobi and Cobb's motions are granted, and Plaintiff's motion is denied.

### Motions to Set Aside Default

### I. Standards

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A defendant "who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014). As a result, a motion made under Rule 55(c) seeking to set aside default is appropriate

---

[1] Defendant Olugbemi Ayannuga's name is incorrectly spelled on the docket of this case. *See* Ayannuga Answer 1, ECF No. 43. The Clerk is **DIRECTED** to update the docket accordingly.

even if there is no formal entry of default. *Id.* A court may set aside an entry of default for "good cause[.]" Fed. R. Civ. P. 55(c). "Good cause" is a

> mutable standard, varying from situation to situation, but factors for courts to consider include the following: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default. Courts should not find that good cause exists if the defaulting party demonstrates an intentional or willful disregard of the judicial proceedings. In light of the Eleventh Circuit's strong policy of determining cases on their merits, however, default judgments are generally disfavored.

*Bibb Cnty. Sch. Dist. v. Dallemand*, No. 5:16-CV-549 (MTT), 2019 WL 2492281, at *2 (M.D. Ga. June 13, 2019) (internal quotation marks and citations omitted).

## II.    Findings of Fact

Defendants Cobb and Efobi were personally served with process by the United States Marshals Service on July 10, 2024 (ECF Nos. 46, 47). Thus, both Defendants were required to file answers or other responsive pleadings within twenty-one days, which fell on July 31, 2024. Fed. R. Civ. P. 12(a)(1)(A)(i).

According to defense counsel, following personal service, both Defendants "promptly notified [their] employer[s] and [were] informed that the Health Service Administration (HSA) was handling the claim and would appoint counsel to defend the lawsuit." Efobi Mot. to Set Aside 2-3, ECF No. 49-3; Efobi Aff. ¶ 5, ECF No. 49-4; Cobb Mot. to Set Aside 2, ECF No. 50-3; Cobb Aff. ¶ 5, ECF No. 50-4. Neither Defendant Efobi nor Cobb were "aware that the service of process was not correctly transmitted to the HSA." Efobi Mot. to Set Aside 3; Efobi Aff. ¶ 6; Cobb Mot. to Set Aside 3; Cobb Aff. ¶ 6. Both Defendants "became aware that a default [j]udgment

was entered against [them] on August 21[], 2024 when [they] received a call from [defense counsel] that the Court had issued a default order for failure to file an answer to the . . . compliant [sic]."[2]  Efobi Mot. to Set Aside 3; Efobi Aff. ¶ 8; Cobb Mot. to Set Aside 3; Cobb Aff. ¶ 8.  Defendants Efobi and Cobb thereafter expressed their desire to defend against Plaintiff's action and instructed defense counsel to file the motions to set aside default.  Efobi Mot. to Set Aside 3; Efobi Aff. ¶¶ 9, 11; Cobb Mot. to Set Aside 3; Cobb Aff. ¶¶ 9, 11.

## III.  Analysis

The Court finds Defendants Efobi and Cobb have shown good cause for setting aside the entry of default against them.  Their affidavits demonstrate that Defendants Efobi and Cobb's failure to timely answer was not willful, and their current counsel moved quickly to set aside the default.  There also does not appear to be any prejudice that would result from setting aside the default against Defendants.[3]  Finally, Defendants Efobi and Cobb present colorable defenses including that Plaintiff was properly treated, among others.  Efobi Mot. to Set Aside 6-7; Cobb Mot. to Set Aside 6-7.  Thus, the Court grants Defendants Efobi and Cobb's motions to set aside default.

---

[2] Defendants Efobi and Cobb's motions to set aside default state that they became aware of the default on August 21, 2024, and also on August 23, 2024.  *See* Efobi Mot. to Set Aside 3 (Aug. 21, 2024), and 6 (Aug. 23, 2024); Cobb Mot. to Set Aside 3 (Aug. 21, 2024), and 6 (Aug. 23, 2024).  However, their respective affidavits say they became aware of the default on August 21, 2024.  *See* Efobi Aff. ¶ 8; Cobb Aff. ¶ 8.  The Court relied on the affidavits for the correct date.

[3] Plaintiff failed to respond to Defendants Efobi and Cobb's motions to set aside default.

**Motion for Default Judgment**

The Eleventh Circuit has a "strong policy for determining cases on their merits," and "default judgments are generally disfavored" as a result. *Dallemand*, 2019 WL 2492281, at *2. Plaintiff's motion for default judgment seeks a default judgment against Defendants Ayannuga, Emmons, and Smith. Pl.'s Mot. for Default J. 3. While Plaintiff correctly points out that Defendants Ayannuga, Emmons, and Smith did not timely file answers or other responsive pleadings, the Court set aside any default against them by permitting Defendants Ayannuga, Emmons, and Smith to file their answers. Ayannuga Waiver, ECF No. 36; Emmons Waiver, ECF No. 37; Smith Waiver, ECF No. 35; Ayannuga Emmons and Smith Mot. for Ext. Time to File Answers, ECF No. 34; Text-only Order, June 20, 2024, ECF No. 38 (granting an extension of time to answer); Ayannuga Emmons and Smith Answer, ECF No. 43. Thus, any default against Defendants Ayannuga, Emmons, and Smith has already been set aside, and default judgment against them is inappropriate.

Further, even if the Court interpreted the motion as requesting default judgment against Defendants Efobi and Cobb, the Court denies that request because, as explained directly above, it finds good cause to set aside the default. Therefore, the Court denies Plaintiff's motion for default judgment.

## CONCLUSION

For the reasons stated above, Defendants' Efobi and Cobb's motions to set aside default (ECF Nos. 49, 50) are **GRANTED**. Defendants Efobi and Cobb are **ORDERED** to file an answer or other responsive pleading **WITHIN FOURTEEN**

4

**(14) DAYS** of the date of this Order.  Plaintiff's motion for default judgment (ECF No. 51) is **DENIED**.

      **SO ORDERED**, this 19th day of November, 2024.

               s/ *Amelia G. Helmick*
               UNITED STATES MAGISTRATE JUDGE