**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **PABLO F. MALDONADO,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:23-CV-505 (MTT)** |
| **Warden SHAWN EMMONS, *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

Defendants Ayannuga, Smith, and Emmons move for summary judgment on Plaintiff Pablo Maldonado's Eighth Amendment deliberate indifference claim and Maldonado moves to amend. United States Magistrate Judge Amelia G. Helmick recommends denying Maldonado's motion to amend (ECF 76) and that Defendants' motion for summary judgment (ECF 69) be granted in part, with respect to Defendants Smith and Emmons, and denied in part, regarding Defendant Ayannuga, in his individual capacity. ECF 79. Ayannuga and Maldonado both object to the Recommendation. ECF 81; 84. Pursuant to 28 US.C. § 636(b)(1), the Court has reviewed de novo the portions of the Recommendation to which they object.

For the following reasons, the Recommendation (ECF 79) is **ADOPTED in part and REJECTED in part**. Maldonado's motion to amend is denied, due to his delay and lack of diligence. Maldonado's Eighth Amendment deliberate indifference claim against Emmons and Smith fails because Maldonado has not shown that Emmons and Smith

acted with subjective recklessness as used in the criminal law. However, contrary to the Recommendation, Maldonado's Eighth Amendment deliberate indifference claim against Ayannuga fails for the same reason. Accordingly, the Defendants' motion for summary judgment (ECF 69) is **GRANTED,** and Maldonado's motion to amend (ECF 76) is **DENIED**.[1]

## I. DISCUSSION

### A. Motion to Amend

The Magistrate Judge recommends denying Maldonado's motion to amend due to his "delay in filing it, his failure to provide any reason for the delay, and that the addition of these claims and defendants relates to events that occurred from October 2024 onward, while the events relevant to this suit occurred in late 2023 and early 2024, regarding differing medical issues." ECF 79 at 3. Maldonado objects, arguing that the additional claims do relate to the medical issues at issue in this suit and that there is good cause for the delay in filing the amended complaint. ECF 84 at 15.

The discovery deadline passed on October 1, 2025, and the dispositive motion deadline passed on October 31, 2025. Plaintiff filed this motion in February 2026. The motion to amend has therefore been filed far too late. *See Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002) ("It is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery … and past the deadline for filing dispositive motions."). Furthermore, the amended complaint is based on Maldonado's cervical nerve root disorder diagnosis. However, that condition

[1] Although the Court grants Defendants' motion for summary judgment, their failure to provide medical records, their failure to depose Maldonado, their failure to reply to Maldonado's response brief, and their failure to respond to Maldonado's objections hardly furthered their cause.

was diagnosed on December 27, 2024, well before the discovery deadline passed and over a year before he filed this motion. ECF 76 ¶ 4. Therefore, Maldonado has failed to show good cause for an untimely amendment, since he has not demonstrated diligence. "To show good cause for an untimely amendment, a plaintiff must demonstrate diligence … Diligence is evaluated by considering the following factors: (1) whether the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the plaintiff; and (3) whether even after acquiring the information the plaintiff delayed in seeking the amendment." *Kernal Recs. Oy v. Mosley*, 794 F. Supp. 2d 1355, 1369 (S.D. Fla. 2011), *aff'd on other grounds*, 694 F.3d 1294 (11th Cir. 2012).

For these reasons, the Recommendation regarding the motion to amend is **ADOPTED**.

**B. Defendants' Motion for Summary Judgment**

Maldonado brings an Eighth Amendment deliberate indifference claim against Warden Emmons, Deputy Warden Smith, and Officer Ayannuga. The Magistrate recommends granting Emmons's and Smith's motion and denying Ayannuga's. The Court agrees concerning Emmons and Smith but concludes that Ayannuga's motion should also be granted.

*1. Standard*

So that there is no confusion as to the standard, to state a claim for deliberate indifference to a serious medical need, a plaintiff must show: (1) "an objectively serious medical need;" (2) that "the prison official acted with an attitude of deliberate

indifference to the serious medical need;" and (3) a "necessary causal link between the challenged conduct and [the plaintiff's] injuries." *Stalley v. Cumbie*, 124 F.4th 1273, 1283 (11th Cir. 2024) (citation modified); *see Wade v. McDade*, 106 F.4th 1251, 1253 (11th Cir. 2024). For the first prong, a serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (overruled in part on other grounds by *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)) (quotation marks and citation omitted). Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). For the second prong, deliberate indifference, the plaintiff must allege that the defendant (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade*, 106 F.4th at 1255 (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)).

2. *Facts*[2]

The pertinent facts, viewed in the light most favorable to Maldonado, are as follows. Maldonado is a Georgia Diagnostic and Classification Prison ("GDCP") inmate. ECF 69-1. On August 25, 2023, Maldonado was taken to the infirmary for an apparent heart attack. ECF 73-2 ¶ 1. While there, he says he began to convulse. ECF 73-2 ¶ 2. Emmons, who was present during this time, suggested that Maldonado was "probably having a drug reaction." ECF 73-2 ¶ 3. Emmons then "debated" with medical personnel

[2] Unless otherwise stated, the following facts are undisputed and are viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

for over 30 minutes about what to do, after which Maldonado was taken to the hospital. ECF 73-2 ¶ 4. Providers at the hospital gave Maldonado necessary care, concluded admission was unnecessary, and noted that his symptoms were consistent with methamphetamine use. ECF 73-3 at 2. After that, Maldonado told Smith on multiple occasions between September 2023 and February 2024 that he had similar symptoms and continued to feel unwell. Smith responded that she would make sure to get Maldonado the care that he needed. ECF 73-2 ¶ 8. During this time, Maldonado had seventeen medical visits. ECF 69-6. On November 24, 2023, Maldonado passed out in front of Ayannuga, got up "seconds later," and told Ayannuga that he was not all right. ECF 7-1 at 7 ¶ 18. Ayannuga told Maldonado that another officer would take him to medical. *Id.* Subsequently, Maldonado was taken to medical twice on November 30, 2023. ECF 69-6.

*3. Defendants in their official capacities*

First, the Magistrate Judge recommends granting all the Defendants' motion for summary judgment as it pertains to the Defendants in their official capacities. Because Maldonado does not object to the Recommendation concerning the Defendants' official capacities, that part of the Recommendation is reviewed for clear error pursuant to 28 U.S.C. § 636(b)(1). The Court finds none. Therefore, the Court accepts and **ADOPTS** the Magistrate Judge's findings, conclusions, and Recommendations concerning each Defendant in their official capacity.

*4. Claim concerning Defendant Emmons*

Maldonado objects to the Recommendation granting the motion for summary judgment concerning Emmons and Smith in their individual capacities. He objects that

the Recommendation mischaracterized the claim against Emmons as a mere disagreement over medical treatment, and that the Recommendation recognized a material factual dispute concerning Smith's knowledge and failure to obtain care but then resolved that dispute against Maldonado.

Starting with Emmons, the Recommendation concludes that "the undisputed facts show Defendant Emmons never ignored Plaintiff's medical needs; rather, Plaintiff disagrees with the treatment." ECF 79 at 11. Specifically, the Recommendation states that because Emmons referred Maldonado for medical treatment, or told him how to obtain it, when medical issues arose, Emmons responded reasonably and therefore cannot be held liable for deliberate indifference. *Id.* Maldonado objects, arguing that the over-30-minute delay in medical attention was not merely a disagreement over treatment but instead shows deliberate indifference.

For the August 25, 2023, incident, the Court assumes that Maldonado had an objectively serious medical need,[3] but Emmons did not act with subjective recklessness as used in the criminal law. Maldonado states that Emmons told medical staff to check for drug reactions during this incident, and that he debated with the medical staff for over 30 minutes before Emmons was taken to the hospital. As it turns out, Emmons was right. ECF 73-3 at 2 ("Patient came from the prison and history was that he took methamphetamine, which he has done in the past. He was tachycardic, diaphoretic, and had pressured speech which was consistent with stimulant such as meth."). Thus, Emmons, though a layperson, correctly suggested that Maldonado was having a drug

[3] Only Maldonado put medical records in the record, and it is debatable whether at any time Maldonado had a serious medical need. For the August 25, 2023, incident, the seriousness of Maldonado's condition was not nearly as severe as Maldonado seems to claim. *See* ECF 73-3 at 2 (Doctor's note explaining that there was no need to admit Maldonado to the hospital due to his labs and vitals "looking good.").

reaction, and discussed this with medical staff. According to Maldonado, a Unit Manager "suggested that 'they should put me in isolation because I am hyperventilated.'" ECF 73-2 ¶ 3. Medical personnel rejected that suggestion. *Id.* ¶ 4. All the while, medical personnel were assessing Maldonado's condition. *Id.* Notwithstanding Maldonado's conclusory "debating" allegation, there is no indication that Emmons delayed the medical assessment of Maldonado's condition. On the contrary, he provided necessary information for that assessment. As a result, Emmons's actions were reasonable, not subjectively reckless.

Additionally, Maldonado has not shown that Emmons violated any clearly established law; therefore, Emmons is entitled to qualified immunity. The doctrine of qualified immunity "offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Although qualified immunity provides government officials with a formidable shield, their entitlement to raise that shield is not automatic … the official bears the initial burden of raising the defense of qualified immunity by proving that he was acting within his authority." *Est. of Cummings v. Davenport*, 906 F.3d 934, 940 (11th Cir. 2018). "'Once discretionary authority is established, the burden then shifts to the plaintiff to show that qualified immunity should not apply.'" *Edwards v. Shanley*, 666 F.3d 1289, 1294 (11th Cir. 2012) (quoting *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009)). Maldonado does not dispute that the Defendants were acting within their discretionary authority, so the burden shifts to him. ECF 79 at 15; 73.

To overcome a qualified immunity defense, Maldonado must show there is a genuine issue of material fact that (1) the facts, viewed in his favor, establish a constitutional violation; and (2) the defendants violated law that was clearly established at the time of the alleged violation. *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019). This two-step analysis may be done in whatever order is deemed most appropriate for the case. *Lewis*, 561 F.3d at 1291 (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

Even if the facts could be viewed to establish a constitutional violation, it has not been shown that Emmons violated law that was clearly established at the time of the alleged violation. "A right is clearly established when it is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Johnson v. City of Miami Beach*, 18 F.4th 1267, 1273 (11th Cir. 2021) (citation and quotations omitted). "The usual way of establishing that a constitutional violation was clearly established law is by pointing to a case, in existence at the time, in which the Supreme Court or this Court found a violation based on materially similar facts." *Id.* (quoting *Cantu v. City of Dothan*, 974 F.3d 1217 (11th Cir. 2020)). Here, Emmons provided medical professionals with accurate information about Maldonado's condition and "debated" with those professionals as they examined and assessed Maldonado. Maldonado cites no case, and the Court knows of none, that provided Emmons notice that his actions were unconstitutional. Therefore, even if Maldonado could, on these facts, prove a constitutional violation, he has not shown that that violation was clearly established.

For these reasons, the Recommendation regarding Emmons's motion for summary judgment is **ADOPTED**.

*5. Claim concerning Defendant Smith*

Regarding Smith, the Recommendation states that Maldonado failed "to show there is a genuine *material* fact in dispute" in that he "has not shown there was any reason Defendant Smith knew or even should have known Plaintiff was at risk of serious harm." ECF 79 at 11, 12. Maldonado argues that Smith's subjective awareness is an issue for which competing reasonable inferences exist, since he made her aware that he was having symptoms associated with his prior hospitalization and yet he received no care when he told her of his symptoms. ECF 84 at 9; 73-2 ¶ 8. However, Maldonado acknowledges that Smith told him she would make sure to get him the care he needed. *Id.* And during the window of time that he claims he told her of these symptoms, between September 2023 and February 2024, he had 17 medical visits. ECF 79 at 6. Therefore, Maldonado has not shown that Smith "acted 'with subjective recklessness as used in the criminal law'" in disregarding that risk. *Wade*, 106 F.4th at 1255 (citation omitted). For this reason, the Recommendation regarding Smith's motion for summary judgment is **ADOPTED**.

*6. Claim concerning Defendant Ayannuga*

The Magistrate Judge recommended denying Ayannuga's motion for summary judgment in his individual capacity. The Recommendation's reasoning is as follows:

> If Defendant Ayannuga saw Plaintiff pass out and failed to obtain medical assistance in all *of September and October 2023 or February 2024*, a jury might find Defendant Ayannuga acted with subjective recklessness as used in the criminal law … A jury might also find that a refusal to provide Plaintiff care in September and October 2023 resulted in an unreasonable delay that led Plaintiff to suffer from stroke-like symptoms for much longer than he otherwise might have, meeting the deliberate indifference causation requirement.

ECF 79 at 13–14 (emphasis added). Ayannuga objects, arguing that he did not act with subjective recklessness as used in criminal law on the basis of Maldonado's numerous medical visits. The Court agrees with Ayannuga.

The undisputed facts reflect that Ayannuga only saw Maldonado pass out once, on November 24, 2023, and that Maldonado got up "seconds later."[4] Ayannuga told Maldonado that another officer would take him to medical. ECF 7-1 at 7 ¶ 18. Six days later, Maldonado was taken for both a physician appointment and a nursing sick call. ECF 79 at 6. Therefore, the record does not show that Ayannuga refused to provide Maldonado with medical care. The facts here thereby preclude any reasonable finding of deliberate indifference to Maldonado's medical needs. For this reason, the Court **REJECTS** the Recommendation regarding Ayannuga's motion for summary judgment.

## II. CONCLUSION

In sum, Maldonado's motion to amend is denied, while Emmons, Smith, and Ayannuga are entitled to summary judgment on Maldonado's Eighth Amendment claim. Accordingly, the Recommendation (ECF 79) is **ADOPTED in part and REJECTED in part**; the defendants' motion for summary judgment (ECF 69) is **GRANTED**; and Maldonado's motion to amend (ECF 76) is **DENIED**.

**SO ORDERED**, this 28 th day of September, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

[4] There is no evidence that Ayannuga saw Maldonado "pass out" before September and October 2023.